Robert L. Hayes
130th Street Court East
Tacoma, WA 98445

Honorable Brian D. Lynch
Response to Leave to Withdraw
Hearing Date: 11/28/2018
Chapter 7

# UNITED STATES BANKRUPTCY COURT
## Western District of Washington

| | |
|---|---|
| In the MATTER OF:<br><br>ROBERT LEE HAYES,<br><br>Debtor. | Case No.  **18-42944**<br><br>DECLARATION OF ROBERT LEE HAYES IN RESPONSE TO WITHDRAWAL REQUEST |

I, Robert Lee Hayes, do declare under penalty of perjury of the laws of the State of Washington that the following is true and accurate to the best of my knowledge:

I am objecting to any withdrawal tactics by Mr. Tom S. Hyde as my attorney of record to represent my interest in the filing of a Chapter 7 bankruptcy. I am attaching a true and accurate copy of the attorney fee contract agreement that Mr. Hyde signed with me on August 15, 2018. In that contract agreement, Mr. Hyde provides the basis for any withdrawals he may make

during the course of the representation. I will quote the pertinent portion of that fee agreement: "I also understand and agree that Tom S. Hyde may withdraw from my case if any additional fees are not paid as requested or if I do not follow instructions given me by Tom S. Hyde." This was my understanding for any and all reasons for Mr. Hyde's potential withdrawal from representing me. Neither of those situations is what is alleged here by him. Mr. Hyde claims because of some contentious basis between himself and I should give rise for him to withdraw. If this is the case, then he should have placed this in his fee agreement which he drafted. What is foreseeable in any contract is there being contentious relations during the course of the relationship. There was no reason why he has failed to make such withdrawal provision in his drafted fee agreement with his client. There is no excuse. I have a right to notice of potential withdrawals which Mr. Hyde may choose to pursue.

Mr. Hyde makes some misrepresentation of fact as to what I wanted to file bankruptcy for. When I came to Mr. Hyde's office, I clearly explained to him that I only had one debt to discharge in bankruptcy court, and that debt was for some prevailing party attorney fees assessed against me in Pierce County State District Court. Mr. Hyde demanded that I provide him the names, addresses, and phone numbers of all my credit cards regardless of whether I owed any money

on those credit cards. I did what he wanted because I did not want to violate the fee agreement to not do what he ask for and be charged additional attorney fees.

When I first came in to see Mr. Hyde, he had me fill out this long questionnaire. In that questionnaire, I laid out exactly what I wanted to do in my chapter 7 bankruptcy. On October 25, 2018, I requested a copy of that questionnaire from Mr. Hyde by email. Mr. Hyde failed to make any response to my request. On October 30, 2018, I again, requested a response to my request for a copy of the questionnaire by email. I still did not receive any response from Mr. Hyde. On October 30, 2018, I called and spoke to Mr. Hyde's secretary and asked for her to inform Mr. Hyde that I wanted a copy of the questionnaire by email. I asked the secretary does she know what I am talking about by my questionnaire? She said, absolutely. I still did not receive any response from Mr. Hyde. Clearly, Mr. Hyde realizes that my questionnaire would make his sworn statement to this court an act of perjury by stating that I wanted to discharge my credit cards in bankruptcy court. I have no knowledge of how these bankruptcy proceedings work, but I do know that credit cards don't have to be discharged if there is a revolving credit card which can be exempt. Back in 2009, I filed a chapter 7 bankruptcy, and I disclosed to my attorney at the time, Mr. Richard Grandvold my credit card information from American Express. My American Express credit card was not discharged in bankruptcy

court. My credit was never cancelled.  I believe there can be a place to exempt such creditors.  In the case at hand, my Pay Pal Master Card and a zero balance owed, and my Costco Citi Visa had only $24.18 which I would have paid as a revolving credit card.  I pay all my balance when I get my billing statement. This action by Mr. Hyde was clearly without my knowledge or consent and now he wants to withdraw.  Contrary to Mr. Hyde's sworn statement, he failed to explain anything to me since day one.  Respectfully submitted,

**DATED this 1st day of November 2018, Tacoma, WA**

_____
**Signature**

# UNITED STATES BANKRUPTCY COURT
## Western District of Washington

| | |
|---|---|
| In the MATTER OF: | Case No. **18-42944** |
| ROBERT LEE HAYES, | |
| Debtor. | **ORDER ON MOTION TO WITHDRAW** |

**THIS MATTER** having come on before the Court on regular notice to all parties, and the Court finding a lack of good cause it is thereby

ORDERED that the Motion to Withdraw filed October 26, 2018 by Tom S. Hyde is denied. "///End of Order///"

Presented by:

/s/ Robert Lee Hayes
Robert Lee Hayes
Debtor