UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON

IN RE:  CASE NO. 18-42944

**REPLY TO OBJECTION TO WITHDRAW**

ROBERT LEE HAYES,

     DEBTOR,

     Mr. Hayes met with me on August 13, 2018 to discuss filing chapter 7. The initial consultation went fine. I did not see any issues with undertaking Mr. Hayes as a client. He had a prior Chapter 7 over 8 years prior that he discussed with me. One of the debts from his previous Chapter 7 resulted in an adversary complaint that he did not prevail. This debt was scheduled again in this petition. Mr. Hayes was advised that this debt was a non dischargeable obligation. He interrupted me telling me he knew all that but I patiently went over it again with him. The debt he wanted to discharge was a judgment obtained against him after his previous chapter 7. I also informed him that he needed to list all of his debts regardless of the only two judgments he brought with him at the time of his initial meeting. I also explained that he did not need to file since he only had Social Security. He indicated he still wanted to go forward. I was able to do most of the petition with him at that initial sit down. We did the property schedules and statement of financial affairs. He had brought the adversary from his last bankruptcy and the new judgment. I entered them as well. I did tell him that after we opened the file we would email to him a Checklist. He had no real assets nor means test income so it would be a rather slim checklist but

**REPLY TO OBJECTION TO WITHDRAW**     *Law Offices of Tom S. Hyde*
                                                                                                                     *1119 Pacific Avenue, Suite 1204*
                                                                                                                     *Tacoma, WA 98402*
                                                                                                                     *(253) 472-4448*

that he needed to verify information and provide copies of the information I requested. See Exhibit 1. This is the returned documentation verified by Mr. Hayes. Additionally, at that initial meeting I provided Mr. Hayes budget pages to prepare and return. See Exhibit 2. The return date for that information was a week since Mr. Hayes was insistent he could provide it timely. There was a little back and forth on that time since he indicated mornings were not good for him. I accommodated him later in the afternoon. When he met with my office to go over the information he also provided the information regarding the two credit cards. See Exhibit 3. The writing of the address on the Costco statement is in my writing. Those two creditors were added to his petition. As the court will take notice, there was no statement provided for Costco but there was for the PayPal.

The petition was then prepared from that information. Mr. Hayes was called to come in and sign his petition and accompanying documents. On August 23, 2018, Mr. Hayes came into the office. I was the only party in the office as my assistant Sarah had been instructed to not be present since there had been some uncomfortable discussions with him and she did not feel comfortable with him to do the signing. When he arrived I went over the documents and explained the differences between the social security page, means test etc. I then told Mr. Hayes to have a seat and go over the documents and sign. He was instructed to ask any questions. He did have several but took his time to review and sign. If he did ask about the credit cards at that time, I would have likely told him that if they had balances, they needed to be included. After Mr. Hayes signed his paperwork, we talked a little more about the filing fee and I told him that he could pay the court directly either in installments or in total to the court at the time we went to his 341 Meeting of Creditors. Six days later I filed his case.

On August 31, 2018, the roof fell in. I actually do not even remember the reason why things went south so quickly and so badly but I do remember my raising my voice and Mr. Hayes was as well. It was an awful minute to two minutes on the phone. After the unfortunate exchange, we were able to finish our phone conversation. I was so shaken after I hung up, I wrote Mr. Hayes a letter. See exhibit 4. Mr. Hayes responded several days later. See exhibit 5. While I have tried to keep my cool with Mr. Hayes, I lost it. I am not proud, but Mr. Hayes refused to acknowledge there was a problem. I set the conditions for our continued working relationship.

Tensions died down. We attended the creditors meeting without incident. It was actually rather cordial. I was glad to have gotten past that hurdle with Mr. Hayes and was looking forward to discharge. Then I started getting emails. See Exhibit 6. The tone and tenor of the threats were clear. Under a cloud of a bar complaint or civil suit, do as I say or else. As the court notices in my responses, I tried to make matters clear that even if a creditor sees a zero balance, it is their decision to allow a person to keep their credit cards. The fact that someone in a customer service capacity is telling Mr. Hayes that had he NOT listed their credit card, they would not have cut him off is of zero relevance. So Mr. Hayes testified

**REPLY TO OBJECTION TO WITHDRAW**             *Law Offices of Tom S. Hyde*
                                              *1119 Pacific Avenue, Suite 1204*
                                              *Tacoma, WA  98402*
                                              *(253) 472-4448*

properly and correctly that he listed all of his assets and debts under oath and did not commit perjury. Yet, we are here. I kept trying to let Mr. Hayes know that but he was not satisfied.

       Finally Mr. Hayes stated in Exhibit 7 what would make him happy. Any officer of the court and a trier of fact can make out what that means.

       I am being threatened for doing my job and keeping the debtor on the path to discharge. Though Mr. Hayes is near his discharge date, I am asking the court to relieve me of this case.

I respectfully request that the court dismiss the debtor's objection and allow for my dismissal.

Submitted this 16th day of November, 2018

Presented by:

/s/ Tom S. Hyde
Tom S. Hyde, WSBA # 20509

**REPLY TO OBJECTION TO WITHDRAW**

*Law Offices of Tom S. Hyde*
*1119 Pacific Avenue, Suite 1204*
*Tacoma, WA 98402*
*(253) 472-4448*